UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE LAMAR DUNBAR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　Defendant. | No. 2:19-cv-1359 JAM DB<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that officers used excessive force against him, denied him medical treatment, and threatened him. Presently before the court is plaintiff's second amended complaint for screening. (ECF No. 17.) For the reasons set forth below the court will recommend that the complaint be dismissed without leave to amend.

## SCREENING

### I. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

////

1

granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

2

meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.    Allegations in the Second Amended Complaint**

Plaintiff states the events giving rise to his claim occurred while he was incarcerated at High Desert State Prison (HDSP). (ECF No. 17 at 2.) He names as defendants in this action: (1) John Doe 1, Investigative Services Unit (ISU) officer; (2) John Doe 2, ISU officer; (3) John Doe 3, Sergeant, (4) John Doe 4, Lieutentant; (5) N. Smith, ISU officer; and (6) John Doe 4, Warden. (Id. at 2.)

Plaintiff has set forth the following allegations in the second amended complaint:

> 1) John Doe 1 in November, 2015 – Excessive force/deliberate indifference/brutality/cruel and unusual punishment. John doe 2) November 2015 excessive force/deliberate indifference/brutality/cruel and unusual punishment. John Doe 3) November 2015 – deceiving witness to affect testimony/coercing and persuading a witness. N. Smith) November 2015 – excessive force/deliberate indifference/brutality/cruel and unusual punishment. John Doe 5) November 2015 – destroying, erasing, or concealing documentary evidence/altered certified copy of official record. Supervising liability/California Bane act liability/Brady suppression/fabrication. N. Smith) November 2015 – fabrication/perjury. John Doe 1) November 2015 – coercing, persuading a witness.

(ECF No. 17 at 3.)

**III.    Plaintiff Fails to State a Claim under § 1983**

"To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or law of the United States was violated, and (2) that the alleged

3

violation was committed by a person acting under color of State law." Long v. County of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)); accord Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988) ("To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes" (citations omitted).).

Plaintiff has stated only conclusory allegations that defendants violated his rights. Such statements are not sufficient to state a cognizable claim. While detailed factual allegations are not required, the complaint must describe the facts giving rise to the claim. See Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'") (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citing Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007)). A complaint must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. "A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

The allegations set forth in the second amended complaint are substantially similar to the allegations set forth in the first amended complaint. (See ECF Nos. 14, 17.) Plaintiff was previously informed that in order to state a claim, he must include a description of the facts not just conclusions. (ECF No. 16 at 4.) However, the second amended complaint contains only conclusory statements that the defendants violated his rights. Because plaintiff has been notified of the defects in the first amended complaint and has failed to cure them in the second amended complaint the court will recommend dismissal without leave to amend.

4

**IV. No Leave to Amend**

As set forth above, plaintiff has failed to allege facts sufficient to state a claim. The court will recommend that the second amended complaint be dismissed without leave to amend because plaintiff was previously notified of the deficiencies and has failed to correct them. A plaintiff's "repeated failure to cure deficiencies" constitutes "a strong indication that the [plaintiff] has no additional facts to plead" and "that any attempt to amend would be futile[.]" See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1008 (9th Cir. 2009) (internal quotation marks omitted) (upholding dismissal of complaint with prejudice when there were "three iterations of [the] allegations—none of which, according to [the district] court, was sufficient to survive a motion to dismiss"); see also Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in the complaint, where court had afforded plaintiff opportunities to do so, and had discussed with plaintiff the substantive problems with his claims), amended by 234 F.3d 428, overruled on other grounds by Odom v. Microsoft Corp., 486 F.3d 541, 551 (9th Cir. 2007); Plumeau v. Sch. Dist. 40 Cnty. of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's second amended complaint (ECF No. 17) be dismissed without leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

////
////
////
////

objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 25, 2020

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/dunb1359.scrn3.f&r