UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE LAMAR DUNBAR,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendant. | No.  2:19-cv-1359 JAM DB<br><br><br>ORDER |

Plaintiff is a state inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that officers used excessive force against him, denied him medical treatment, and threatened him.  Presently before the court is plaintiff's third amended complaint for screening.  (ECF No. 21.)  For the reasons set forth below the court will give plaintiff the option to proceed with the complaint as screened for amend the complaint.

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

////

1

granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  Here, the defendants must act under color of federal law.  Bivens, 403 U.S. at 389.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

2

meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.      Allegations in the Third Amended Complaint**

Plaintiff alleges that the events giving rise to the complaint occurred while he was incarcerated at Hight Desert State Prison (HDSP). He has named as defendants: (1) John Doe 1, Investigations Services Unit (ISU) officer; (2) John Doe 2, lieutenant; (3) John Doe 3, sergeant; (4) John Doe 4, warden; (5) John Doe 5, ISU officer; and (6) N. Smith, ISU officer. (ECF No. 21 at 2.)

Plaintiff alleges that on November 13, 2015 John Doe 1 pointed a handgun at his head and told him to get on the ground and put his hands behind his back. (Id. at 4.) Plaintiff complied with the request. John Doe 1 handcuffed plaintiff and dragged him by his shirt into the scullery so that they were out of view of the surveillance camera. John Doe 1 then turned plaintiff over, put his knee on plaintiff's throat, and held plaintiff's head asking, "where is it motherfucker?" Plaintiff claims John Doe 1 continued to apply pressure on his throat until he passed out.

When plaintiff regained consciousness, he was surrounded by five officers. Officer Smith slapped plaintiff in the face and said, "Don't fucking act like you're passing out. Where is it?" John Doe 1 asked, "where the fuck is it?" (Id. at 5.) Plaintiff nodded his head in the direction of a small bag containing about ten cellphones. John Doe 5 retrieved the bag of cell phones. As plaintiff was lifted off the ground Smith kicked plaintiff in the upper back and told plaintiff he should have made it easier.

As plaintiff was escorted out, he looked at Smith and said, "you're a real bitch." Smith then rushed at plaintiff screamed obscenities at him, grabbed his neck, and choked plaintiff. The other officers stopped Smith, telling him his actions were being captured on camera. The officers moved plaintiff to the dining area where he was pushed against a wall and Smith punched him in the stomach.

Plaintiff alleges he suffered a headache but was denied medical attention. (Id.) After officers learned that plaintiff was making a complaint about the incident, John Doe 1 told plaintiff that if he dropped the complaint, he could get him transferred to the prison of his choice. That same week John Does 2 and 3, coerced plaintiff into saying that he would not follow through with his claims. Plaintiff states that he complied out of fear of retaliation until he was transferred to another institution.

After his transfer, he spoke to John Doe 4 by phone regarding the excessive force incident. Plaintiff explained the facts and John Doe 4 stated that he would get back to plaintiff. (Id. at 5-6.) Plaintiff never heard back from John Doe 4. (Id. at 6.) He also claims that John Doe 4 destroyed any records of plaintiff ever being housed at HDSP.

**III.  Does Plaintiff State a Claim under § 1983?**

**A. Excessive Force**

The Eighth Amendment prohibits cruel and unusual punishment. "[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment prohibited by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986) (citations and quotations omitted). The use of force is constitutional if used to keep or restore order in the prison; it is unconstitutional if used maliciously or sadistically for the very purpose of causing harm. Id. at 320-21 (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson v. McMillian, 503 U.S. 1, 9 (1992). "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition of *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (citations and quotations omitted).

Among unnecessary and wanton inflictions of pain are those that are totally without penological justification, Hope v. Pelzer, 536 U.S. 730, 737 (2002) (citing Rhodes v. Chapman, 452 U.S. 337, 346 (1981)) (quotation marks omitted), and punitive treatment which amounts to gratuitous infliction of wanton and unnecessary pain is prohibited by the Eighth Amendment, Id. at 738 (quotation marks omitted). However, "prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Hudson, 503 U.S. at 6 (ellipsis in original) (citation omitted).

Plaintiff has alleged that John Doe 1 and N. Smith hit and choked him while he was restrained and not resisting. (ECF No. 21 at 4-5.) Such allegations are sufficient to state a cognizable claim for excessive force in violation of plaintiff's Eighth Amendment rights.

The use of John Does in pleading practice is generally disfavored – but is not prohibited. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F.Supp.2d 1149, 1152 (E.D. Cal. 2008). However, plaintiff is hereby advised that the court cannot order service of a Doe defendant because the United States Marshal cannot serve a Doe defendant. Plaintiff will be required to identify him or her with enough information to locate the defendant for service of process. Plaintiff will be given the "'opportunity through discovery to identify the unknown (Doe) defendants.'" Crowley v. Bannister, 734 F.3d 967, 978 (9th Cir. 2013) (quoting Gillespie, 629 F.2d at 642). Once the identify of a Doe defendant is ascertained, plaintiff must file a motion to amend his complaint only to identify the identified Doe defendant so that service by the United States Marshal can be attempted. However, the court will recommend that any Doe defendant plaintiff fails to identify during the course of discovery be dismissed from this action.

### B. Failure to State a Claim

#### 1. Denial of Medical Treatment

Where a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical

5

claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prisoner officials responded to the serious medical need with deliberate indifference. See Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06; see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not

give rise to a § 1983 claim.  See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff has alleged that he was denied medical treatment.  (ECF No. 21 at 5.)  Such an allegation could potentially state a claim for violation of his Eighth Amendment right to adequate medical care.  However, the allegation has not been connected to any defendant.  In order to state a claim against a defendant the complaint must allege in specific terms how that defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In any amended complaint, plaintiff must connect each alleged deprivation to an identified defendant.

### 2.  John Doe 2 and John Doe 3

Plaintiff has alleged that John Doe 2 and John Doe 3 "coerced [plaintiff] into saying" that he would not follow through with his "claims on officers."  (ECF No. 21 at 5.)  Such allegations are not sufficiently specific to state a claim.  Such allegations could potentially state a claim for retaliation[1] in violation of plaintiff's first amendment rights.  See Wright v. Clark, No. 1:07-cv-0462 AWI WMW PC, 2009 WL 347293 (E.D. Cal. Feb. 9, 200) (finding plaintiff's allegation that defendants "removed evidence relevant to one of Plaintiff's administrative appeals from the file in order to coerce plaintiff into dropping his grievance against staff").  However, as stated in the complaint, there is no allegation that defendants took some adverse action because plaintiff filed a grievance regarding the excessive force incident.  Accordingly, this allegation does not state a claim.

////

---

[1] "[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

7

### 3. Grievance

A defendant's actions in responding to plaintiff's grievance alone, cannot give rise to any claims for relief under section 1983 for violation of due process. The Ninth Circuit has held that inmates have no protected interest in an inmate grievance procedure arising directly from the Due Process Clause. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific grievance procedure"); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (holding that there is no protected liberty interest to a grievance procedure). Prison officials are not required under federal law to process inmate grievances in any specific way.

Plaintiff cannot state a claim based on John Doe 4's alleged failure to follow up with plaintiff regarding his grievance. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative "grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment . . . Thus, defendants' failure to process any of [plaintiff's] grievances, without more, is not actionable under section 1983." (internal quotations omitted).

### IV. Amending the Complaint

As set forth above, plaintiff has stated a claim for excessive force against John Doe 1 and N. Smith. The complaint fails to state a claim against all other defendants. Accordingly, plaintiff will be given the option to proceed with his potentially cognizable claims or to file an amended complaint.

In any amended complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 370-71. Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's action and the claimed deprivation. Id.; Johnson, 588 F.2d at 743. Furthermore, "[v]ague and

////

conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff has stated a cognizable claim against N. Smith and John Doe 1 as set forth in Section III above. However, plaintiff has failed to state any other claims. Accordingly, plaintiff will be given the opportunity to proceed with the complaint as screened or amend the complaint.

2. Within thirty (30) days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

3. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: August 3, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/dunb1359.scrn4

10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE LAMAR DUNBAR,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendant. | No.  2:19-cv-1359 JAM DB<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment claims against defendants N. Smith and John Doe 1.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                     Eddie Lamar Dunbar<br>                                                     Plaintiff pro se