UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE LAMAR DUNBAR,<br><br>                Plaintiff,<br><br>        v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>                Defendants. | No.  2:19-cv-1359 JAM DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that officers used excessive force against him, denied him medical treatment, and threatened him.  Presently before the court is plaintiff's motion for the appointment of counsel.  (ECF No. 38.)

Plaintiff states that he was transferred to Pelican Bay State Prison (PBSP) on March 15, 2021. (ECF No. 38 at 2.) He argues that at PBSP he has not had adequate access to the law library, has not received sufficient legal materials or indigent supplies. He states he has been "targeted and oppressed resulting in substantial damage to [his] mental health." He further states that most of his energy has been spent on a petition for writ of habeas corpus.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

1

1    The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. Plaintiff's arguments present nothing more than circumstances common to most inmates. Thus, the court will deny the motion to appoint counsel without prejudice.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 38) is denied.

Dated: October 14, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/R/dunb1359.31